Koile and Others *v.* Ellis, Guardian of Scott.

Suit by the guardian of an insane person to set aside a deed made by his ward, on the ground that the grantor was of unsound mind at the time of its execution. On the trial, the Court instructed the jury that the question of the ward's unsoundness of mind was one of fact, for their determination, and that they might take into consideration the ward's appearance before them. The deed was executed some two years before the trial.

*Held,* that as the evidence is not in the record, the Court can not say but that such a comparative mental condition of the ward, at the time of making the deed, and at the time of the trial, may have been shown, as would justify the instruction.

*Held,* also, that though the impression made by the appearance of the alleged lunatic upon the jury may have been exceedingly slight, the Court can not say but that it should have had its effect, when considered in connection with other evidence.

Where the record does not show for what reason an instruction was refused, nor exclude the presumption that it was for some other reason than its supposed illegality, this Court will presume that the ruling was correct.

Where a party assigns causes for a new trial, the Court can not look beyond them, and grant a new trial as of right, under the statute.

APPEAL from the *Delaware* Circuit Court.

Hanna, J.—*Ellis,* as guardian of *William Scott,* a person of unsound mind, sued *Benjamin* and *William Scott,* jr., *Koile,* and *Ricards,* and prayed that a deed from his ward to said *Benjamin* and *William Scott,* jr., and one from *Benjamin* to *Koile* and *Ricards,* might be set aside, for two reasons: 1. That his ward was of unsound mind at the time of the pretended execution of the deed by him to his sons. 2. That said deed was made upon this sole consideration and condition subsequent, which has been broken, namely, that the sons were to maintain the said *William* and his wife, &c., which condition was evidenced by a written agreement cotemporaneous with, and which is and should be taken as a part of, said deed.

The record states that a demurrer was filed, overruled, and exception taken. The demurrer *is not in the record,* nor does it show what cause of objection was assigned. We can not, therefore, notice the point attempted to be made on the ruling on said demurrer. Trial; judgment for plaintiff.

But two other points are made in appellants' brief. One upon an instruction given; the other upon instructions asked by defendants, and refused. That given was as follows:

"The question whether *William Scott*, at the time he executed the deed in controversy, was of unsound mind, and incapable of managing his own estate, is one of fact, which must be decided by the jury from all the evidence before them. His appearance also before the jury may be taken into consideration in this connection."

The latter clause of the instruction is objected to; on the ground, first, that the jury should not be permitted to base a verdict upon the appearance of a person alleged to be insane, in either a civil or criminal action; and, second, if they should in any case be so permitted, that such a length of time had intervened—more than two years—between the making of the deed and the trial, as to exclude this from the operation of such a rule.

The evidence is not all in the record. We can not say, therefore, but that it may have been shown that such a comparative condition of the grantor, at the time the deed was made and at the trial, existed, as would justify the instruction, if at all permissible. As to that question, we are of opinion that there was no error in the instruction. It is true, that the impression made upon the jury by the appearance of the ward might have been exceedingly slight, but still we can not say but that it should have had its effect, when considered in connection with the evidence in relation thereto.

As to the instructions refused, the substance of one of them was given. The record does not show for what reason the other was refused; nor does it exclude the presumption, that it was refused for some reason other than the illegality or impropriety of said instruction. We must therefore presume that it was properly refused.

The motion for a new trial was based upon assigned causes. These are not discussed in the brief; but it is insisted that the losing party was, as a matter of right, entitled to a new trial under the statute. 2 R. S., p. 167. That the Court should have granted the motion, and might have prescribed payment of costs.

This is not the proper construction of the rule of practice which should maintain. If a party specifies reasons for desiring a new trial, the Court should look no further than those reasons. Perhaps after the motion was overruled on the causes assigned, the party could have then availed himself of the benefit of the statute, at any time within one year, by bringing himself within its provisions.

*Per Curiam.*—The judgment is affirmed, with costs.

*Thos. J. Sample, Caleb B. Smith* and *Watt J. Smith*, for the appellant.

*Walter March* and *Wm. Brotherton*, for the appellee.